## IN THE COURT OF APPEALS OF IOWA

No. 17-0591
Filed January 10, 2018

**KENNETH RALPH KOHL,**
       Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
       Respondent-Appellee.
_____

       Appeal from the Iowa District Court for Clinton County, Marlita A. Greve,

Judge.

       A defendant appeals the denial of his application for postconviction relief.

**AFFIRMED.**

       Zeke R. McCartney of Reynolds & Kenline, L.L.P., Dubuque, for appellant.

       Thomas J. Miller, Attorney General, and Kelli Huser, Assistant Attorney

General, for appellee State.

       Considered by Vaitheswaran, P.J., and Potterfield and McDonald, JJ.

**POTTERFIELD, Judge.**

Kenneth Kohl appeals the denial of his application for postconviction relief filed after his 2013 resentencing. Kohl argues double jeopardy prevents the district court from amending his sentence to reflect Iowa Code section 901A.2's special sentence for sex offenses because he had already served part of his prison term.

## I. Background Facts and Proceedings.

In 2003 Kohl pled guilty and was sentenced to multiple offenses: two counts of third-degree sexual abuse, in violation of Iowa Code sections 709.1 and 709.4(1) (2003); indecent exposure, enhanced, in violation of Iowa Code sections 709.9 and 901A.2; and two counts of indecent contact with a child, enhanced, in violation of Iowa Code sections 709.12(1) or (2) and 901A.2. Kohl was sentenced to indeterminate prison sentences not to exceed ten years for each count of third-degree sexual abuse, a term not to exceed two years for indecent exposure, and terms not to exceed four years for each enhanced count of indecent contact with a child. The court ordered all sentences to run consecutively for a total indeterminate prison sentence of thirty years.

In August 2013 the court filed an amended sentencing order to add two years of parole or work release under Iowa Code section 901A.2(8) to Kohl's sentences. Section 901A.2(8) applies to Kohl's convictions for indecent exposure and indecent contact with a child. In September 2013 Kohl filed a motion for correction of an illegal sentence, and the motion was denied. Kohl filed a motion for clarification of sentence in September 2015; that motion was denied in October 2015. Kohl filed an application for postconviction relief in November 2015. Meanwhile, Kohl filed a notice of appeal from the denials of his motion for

correction of an illegal sentence and motion for clarification of sentence. In March 2016, the Iowa Supreme Court issued an order dismissing the appeals and indicating that Kohl's proper remedy was postconviction relief. Kohl filed an amended application for postconviction relief in September 2016, and the district court denied his application in March 2017.

Kohl appeals.

## II. Standard of Review.

Postconviction-relief proceedings are "actions at law and are reviewed on error." *Osborn v. State*, 573 N.W.2d 917, 920 (Iowa 1998) (citation omitted). However, if the postconviction-relief proceeding has constitutional implications, "we make our own evaluation of the totality of the circumstances in a de novo review." *Id.*

## III. Discussion.

The double jeopardy clause of the Fifth Amendment of the United States Constitution provides that no person shall "be subject to the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. Kohl argues double jeopardy prohibits extension of his sentence because he had a legitimate expectation of finality when the extension was imposed ten years after his original sentencing.[1] The State argues Kohl did not have a legitimate expectation of finality

---

[1] Kohl asserts both a federal and state constitutional claim. Where, as here, a "party raises issues under the Iowa Constitution and the Federal Constitution, but does not suggest a different standard be applied under the Iowa Constitution, we generally apply the federal standard." *State v. Edouard*, 854 N.W.2d 421, 452 (Iowa 2014) (Appel, J., concurring specially), *overruled on other grounds by Alcala v. Marriott Int'l., Inc.*, 880 N.W.2d 699 (Iowa 2016).

because at the time the extension was imposed he was ten years into a thirty-year sentence.

Kohl argues *State v. Houston* controls. No. 09-1623, 2010 WL 5050564, at *3 (Iowa Ct. App. Dec. 8, 2010). In that case, the defendant had been discharged from probation before the district court amended his sentence to include the special sentence for sex offenses. *Id.* In that case, our court held the defendant had a legitimate expectation of finality at the point he had discharged the sentence, and we reversed the resentencing order. *Id.* Here, Kohl argues at the time the court amended his sentence he had already discharged his sentences for indecent exposure and indecent contact, the sentences that Iowa Code section 901A.2(8) enhanced.

However, consecutive sentences are construed as one continuous term of imprisonment. Iowa Code § 901.8. Special sentences do not begin until a defendant is discharged from his continuous sentence. *See State v. Dempsey*, No. 15-1195, 2016 WL 3275306, at *4 (Iowa Ct. App. June 15, 2016); *see also In re Det. of Stenzel*, 827 N.W.2d 690, 700 (Iowa 2013). Unlike the defendant in *Houston*, Kohl did not have an expectation of finality because he was still serving his sentence when it was amended. We affirm the district court's denial of his application for postconviction relief.

**AFFIRMED.**